UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>PLAINTIFF,<br><br>VS.<br><br>SAC GRIFFITH, INC., d/b/a PEPE'S MEXICAN RESTAURANT,<br><br>DEFENDANT. | )<br>)<br>)<br>)<br>)   CAUSE NO. 2:11-CV-295-RLM-PRC<br>)<br>)<br>)<br>)<br>)<br>) |

O R D E R

The court GRANTS the Joint Motion for Entry of a Consent Decree (Doc. No. 23) and enters the following

Consent Decree

This action was instituted by the Equal Employment Opportunity Commission ("Commission") under the authority granted to it under Section 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1). The Commission's action was brought to correct alleged unlawful employment practices on the basis of sex. Specifically, the Commission alleged in its Complaint that Defendant subjected Amber Murdock to sexual harassment and discharged her because she was pregnant.

On September 15, 2011, Defendant filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Indiana, Hammond Division. The

case is pending and bears the caption In re SAC of Griffith, Inc., d/b/a Pepe's Mexican Restaurant, Case No. 11-23621-jpk. As a result of the bankruptcy, the Defendant shall no longer operate as a going concern upon the completion of the bankruptcy proceedings.

The EEOC filed a Proof of Claim on behalf of Charging Party Amber Murdock in the bankruptcy case.

The Commission and SAC Griffith, Inc., d/b/a Pepe's Mexican Restaurant hereby stipulate to the jurisdiction of the Court over the parties and the subject matter of this action.

The parties have advised the Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, based on the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of this Consent Decree; and (3) this Consent Decree resolves all the matters in controversy between the parties as provided in paragraphs 1 through 9 below.

It is therefore ORDERED, ADJUDGED, AND DECREED as follows:

1.  This Decree is entered in full and complete settlement with prejudice of any and all claims arising out of or contained in this lawsuit, Civil Action No. 2:11-cv-295-RLM-PRC.

2. The term of this Decree shall be for five years following the date of the entry of this Decree.

3. Defendant agrees that Charging Party Amber Murdock shall have an allowed unsecured nonpriority claim in Defendant's Chapter 11 Bankruptcy Case No. 11-23621-jpk, in the amount of $57,000.00. Of this amount, $7,000.00 constitutes back-pay and $50,000.00 is delegated to compensatory damages. Payments shall be made by Defendant issuing a check made payable to Amber Murdock. The check shall be delivered to Murdock, by certified mail to the following address: 3704 West 39th Avenue, Hobart, Indiana, 46342. Defendant shall mail a copy of Murdock's check and proof of its delivery to her (a signed certified mail receipt) to the Commission in the care of Laurie A. Young, Regional Attorney, or her successor, Equal Employment Opportunity Commission, 101 W. Ohio Street, Suite 1900, Indianapolis, Indiana, 46204.

4. The amount and timing of the payment to Murdock shall be made in accordance with the resolution of Defendant's bankruptcy filing, case no. 11-23621-jpk.

5. Defendant shall eliminate from the record of Amber Murdock all reference to her charge of discrimination and participation in this suit. Defendant further agrees that if it is contacted for references, it will execute the letter of reference on behalf of Murdock attached as Appendix A. Defendant, and its principal Adolph Flores, further agree that they will disclose only the information contained in Appendix A to

any prospective employers of Murdock, who make inquiries. Defendant and Flores explicitly agree that they shall make no reference to Murdock's charge or participation in this lawsuit to any of her prospective employers. This provision survives the expiration of the Consent Decree.

6.    During the Consent Decree period, should Adolph Flores, Defendant's principal, purchase, open, or own a going business concern (hereinafter referred to as the "New Concern"), said New Concern shall abide by the following:

    a.    The New Concern shall create a policy prohibiting pregnancy discrimination and sexual harassment against its employees. Such policy shall be posted within thirty (30) days of the hiring of the first employee and shall be disseminated to all employees. No later than ten (10) days before the policy is posted, the New Concern shall submit a copy to the Commission for review. The proposed policy shall be sent to Laurie A. Young (or her successor), Regional Attorney, Equal Employment Opportunity Commission, Indianapolis District Office, 101 West Ohio Street, Suite 1900, Indianapolis, IN 46204.

    b.    Within 180 days of the hiring of the first employee, the New Concern shall provide a training program to all of its employees, supervisors, and managers at its business cite(s). This training program shall include an explanation of the requirements of Title

-4-

VII's prohibition of sexual harassment and pregnancy discrimination, including Title VII's non-retaliation provisions. Thirty (30) days before the training, the New Concern shall provide to the Commission; [i] notice of the date, time, and place of the training; [ii] a copy of the training program and all written materials, if any, and [iii] a roster of all employees who will receive the training. The Commission may provide reasonable input on the content of the training. For the duration of this Decree, any and all new hires of the New Concern will also receive the training as listed above.

c.   Within thirty (30) days of completion of the training required pursuant to paragraph 6(b) of this Decree, the New Concern shall certify to the Commission that the training was given and shall provide the Commission with a roster of all employees who received the training.

d.   The New Concern agrees that the Commission may review compliance with this Decree. As part of such review, the Commission may inspect the premises, interview employees, and examine and copy documents.

e.   In the event that the Commission alleges that a violation of this Decree has occurred, prior to exercising any remedy provided by law, the Commission shall give notice of the alleged violation to the New Concern. The New Concern shall have thirty (30) days in

which to investigate and respond to the allegation. Thereafter, the Commission and the New Concern will have a period of thirty (30) days, or such additional period as may be agreed upon by them, in which to negotiate and confer regarding such allegation, before the Commission exercises any remedy provided by law.

 f. The New Concern shall submit all information/reports required by this Decree to the attention of Laurie A. Young, Regional Attorney, or her successor, Equal Employment Opportunity Commission, 101 W. Ohio Street, Suite 1900, Indianapolis, Indiana, 46204.

7. The Commission and Defendant shall each bear their own costs and attorney fees.

8. The term of this Decree shall be for five (5) years following the date of the entry of this Decree.

9. RETENTION OF JURISDICTION BY COURT

The Court will retain jurisdiction of this cause throughout the duration of this Decree for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

SO ORDERED.

ENTERED:  May 11, 2012

       /s/ Robert L. Miller, Jr.
       Judge
       United States District Court

-6-

Copies to:   Jo Ann Farnsworth, Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
101 W. Ohio Street, Suite 1900
Indianapolis, IN  46204

David E. Woodward
Woodward, Buls, Blaskovich & King, LLP
9223 Broadway, Suite A
Merrillville, IN 46410